[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage. The parties were mated on February 16, 1996 and are the parents of two minor children, John. P. Lemoine and Julia M. Lemoine, both born on November 24, 1999, one of whom suffers from rheumatoid arthritis.
The most significant asset owned by either party is the wife's 401k plan, which was valued at $199,917.00.[1] She had been a participant in the plan for approximately nine years at the time the parties were mated, and had accumulated approximately $72,000.00. She continues to contribute more than $10,000.00 annually to the plan, which is in addition to any contributions made by her employer in matching contributions. Her contributions to the plan have always been the maximum allowed, sixteen percent, and the company contributes an additional six percent.
Throughout the marriage, the wife's earnings were greater than the husband's. At the beginning of the marriage, he was unemployed, and he was again unemployed for approximately a year in 1998-1999. Some of his earnings went to a child support obligation for his daughter born of his first marriage, and he spent approximately $25,000.00 during the marriage for that and other personal obligations that predated the marriage. Although he did not contribute as much financially as the wife did, the court does not find that this was a significant source of conflict between the parties, and it is not implicated in determining the causes of the dissolution. He did make other, non-monetary contributions to the marriage.
Both parties are presently working for salaries which represent their CT Page 4418 earning capacity, although the husband's income is likely to improve if he continues to make a strong contribution to his present employer in his sales position.
The principal difference between the parties is that the husband is seeking one half of the increase of approximately $127,000.00 in the wife's 401k, while the wife wishes to keep the entire sum. The entire amount of the plan is an asset subject to distribution in this action. In awarding property to either party in dissolution actions, the court is required to consider the factors set forth in Section 46b-81 (c) of the General Statutes, and the court has weighed those factors. The court has also considered the statutory criteria in Sections 46b-62, 46b-82, and46b-83. In making its orders concerning custody, the court has determined that its orders are in the best interests of the children. Based on the evidence and these considerations, the court enters the following orders.
1. The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
2. Except as otherwise provided in these orders, each party shall be responsible for his or her own debts, including those set forth on their respective financial affidavits, and each party shall have the automobiles, personal property, retirement and bank accounts set forth on their affidavits. The husband shall retain his real property.
3. The wife shall within thirty days transfer to the husband by qualified domestic order at her expense the sum of $32,500.00 from her 401k plan.
4. Neither party shall pay alimony to the other.
5. The husband shall pay child support of $133.00 until the children reach the age of eighteen or graduate from high school, whichever is later, but not past the children's nineteenth birthday. He shall 23 percent of unreimbursed medical bills for the children and twenty three percent of day care expenses. The wife shall maintain the children on her medical insurance through her employment as long as an obligation to pay child support exists. If she does not have medical insurance through her employment, the husband shall provide child support through his employment as long as an obligation to pay child support exists. The provisions of Section 46b-84 (f) shall apply. These orders are consistent with the child support guidelines.
6. The husband shall immediately name the children as co-beneficiaries of his life insurance policy. The designation shall continue and be CT Page 4419 irrevocable until his obligation to pay child support ends. He shall maintain the policy in force as long as he is obligated to pay child support.
7. The parties shall have joint legal custody of the minor children, who shall reside primarily with the wife. Each party shall have free and unfettered access to all the children's medical, psychological, dental, and educational records, except that neither party shall have access to those records covered by a statutory privilege without a further order of the court. The parties shall each bear the responsibility of obtaining school, medical and dental records and of communicating with schools and doctors. The wife shall provide the husband with detailed information concerning any extra-curricular activities in which they children are involved. The parties shall each foster a positive relationship between the children and the other parent, and shall not say or do anything which will cause the children to have a negative view of the other parent. The parties shall promote reasonable and open communication between the children and the other parent at any time when they are exercising visitation or parenting responsibility.
The parties shall make reasonable efforts to consult with each other regarding children's education, religious and moral training, medical needs, future plans, and extracurricular activities. If after reasonable consultation the parties are unable to agree, the wife shall have final decision making authority. Each party shall be responsible for making emergency medical decisions for the children when the children are in their care, but shall immediately notify the other parent of the emergency and the care being provided. Each party shall notify the other of any serious but non-emergency situation arising while the children are in their care, including illnesses or accidents, and shall consult with the other on the appropriate response, but in the event of an inability to reach an agreement, the wife shall decide on the response.
The husband shall have open and liberal access to the children, and shall have parenting responsibility time not less that every other weekend from Saturday morning at 9:00 until Sunday afternoon at 5:00 plus one evening per week. He shall appropriately equip his car with child safety seats and his house with the equipment necessary to care for the children, including cribs, child safety high chairs, and the like It is the intention of these orders that the husband's time with the children shall increase as they get older. In addition, the parties shall reasonable share major holidays with the children. If they are unable to come to agreement about the specifics of any plan, they shall mediate the issues with family relations.
8. The husband shall repay the wife for the automobile loan payments CT Page 4420 she made in his behalf pendente lite.
Judgment shall enter accordingly.
BY THE COURT,
GRUENDEL, J.